# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2960

_____

United States of America

*Plaintiff - Appellee*

v.

Arlend E. Stewart

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - St. Joseph

_____

Submitted: February 11, 2013
Filed: March 15, 2013
[Unpublished]

_____

Before LOKEN, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Arlend Stewart, a previously convicted felon, pleaded guilty to unlawfully possessing a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). At

Stewart's sentencing hearing, the District Court[1] received evidence from the government regarding the circumstances of Stewart's arrest. Two of the police officers who arrested Stewart testified that in addition to the firearm, they recovered a total of 34.9 grams of a substance they each identified as crack cocaine. The government also introduced photographs of the scene, including photographs of the substance identified as crack cocaine and the plastic baggie from which the substance spilled during the struggle preceding Stewart's arrest. Overruling Stewart's objection, the court credited the officers' testimony that the substance recovered was 34.9 grams of crack cocaine, adopted the recommendation made in the presentence investigation report (PSR), and applied a four-level enhancement under § 2K2.1(b)(6)(B) of the U.S. Sentencing Guidelines Manual because Stewart possessed the firearm in connection with another felony offense—the possession of a distribution amount of crack cocaine. The court sentenced Stewart to 90 months in prison, a sentence below the midpoint of the 86-to-105-month Guidelines range calculated in the PSR. Stewart appeals, arguing that the District Court erred in applying the § 2K2.1(b)(6)(B) enhancement because the evidence was insufficient to support a finding that the substance recovered in connection with his arrest was, in fact, crack cocaine.

The District Court did not clearly err in finding by a preponderance of the evidence that the substance Stewart possessed was crack cocaine. United States v. Walker, 688 F.3d 416, 420 (8th Cir.) (stating standard of review), cert. denied, 133 S. Ct. 775, 801 (2012). "It is well established that 'the identity of a controlled substance can . . . be proved by circumstantial evidence and opinion testimony,'" United States v. Covington, 133 F.3d 639, 644 (8th Cir. 1998) (quoting United States v. Williams, 982 F.2d 1209, 1212 (8th Cir. 1992)), including the testimony of experienced law-enforcement officers who describe the appearance of the substance

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

and the conditions under which it was recovered, <u>United States v. Whitehead</u>, 487 F.3d 1068, 1072 (8th Cir.) (relying on opinion of experienced police officer to sustain district court's finding that drug was crack cocaine), <u>cert. denied</u>, 552 U.S. 1050 (2007). Here, the court heard testimony from the two officers who recovered the substance in question—each of whom had at least twelve years' experience in law enforcement—and concluded "that based upon [the officers'] experience and expertise in law enforcement, . . . the identification is reliable as crack cocaine." Tr. of Sent. Hr'g at 26–27.

Based on the foregoing, we reject Stewart's arguments on appeal and affirm the judgment of the District Court.

_____